CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 27 2009
JOHN F. CORCORAN, CLERK
BY: HMcOmac
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES T. MARSHALL,  ) | Civil Action No. 7:09-cv-00112 |
| Plaintiff,  ) | |
|  ) | |
| v.  ) | **MEMORANDUM OPINION** |
|  ) | |
| LUNENBERG CORRECTIONAL  ) | |
| CENTER,  ) | By: Hon. Jackson L. Kiser |
| Defendant.  ) | Senior United States District Judge |

Plaintiff Charles T. Marshall, a Virginia inmate at the Northwest Regional Adult Detention Center in Winchester, Virginia, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §1343. Marshall alleges violations of his Eighth Amendment rights. After screening the complaint, I dismiss the action for failing to administratively exhaust the claims, pursuant to 42 U.S.C. § 1997e(a).

I.

Marshall alleges that staff failed to respond to an incident, and his hands were broken.[1] The incident occurred because of "non-protective verbal incitement by staff." (Compl. 2.) Someone refused to take Marshall to a health professional, and the nurse told him he did not have any injuries. The lack of assistance and forced transportation made the injury become life threatening and caused two resulting injuries. Marshall requests money for pain and suffering, putting his life in harm's way, staff's non-compliance with operating procedures, improper healing of his injuries, and life-long pain and suffering.

II.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

---

[1] Marshall does not say who broke his bones or how they became broken.

with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, Anderson v. XYZ Correctional Health Services. Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 90 (2006). While failure to exhaust as required by § 1997e(a) is an affirmative defense, I may raise the issue of exhaustion on my own motion and, "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

It is clear from the face of Marshall's submissions that he did not complete the available administrative remedies procedures before filing this lawsuit. Marshall states in his complaint that he filed grievances but did not receive any responses. Marshall filed the action in early April, and he does not establish that between the submission of his complaint and the present date that he has received a response or exhausted his related appeals. I reiterate that failure to properly exhaust all levels of administrative review is not "proper exhaustion." Until Marshall properly exhausts his administrative remedies, he has not given prison officials a fair opportunity to address his complaint, one of the primary justifications for the exhaustion requirement.

A plaintiff is not required to plead exhaustion in the complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, defendants will move for dismissal if he files his complaint

2

before completing the exhaustion process, and I must dismiss the suit. Therefore, it is in the interest of judicial economy (and in Marshall's own best interest) for me to summarily dismiss a civil action if it is clear from Marshall's own submissions that he has not exhausted administrative remedies before filing this lawsuit. Anderson, 407 F.3d at 682. Accordingly, I dismiss the complaint for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).[2]

III.

For the foregoing reasons, I dismiss the complaint for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 27th day of April, 2009.

Senior United States District Judge

---

[2] Marshall may refile his claims in a new civil action once he exhausts all administrative reviews in the proper order. If he chooses to refile his claims, however, he is advised to state in the complaint a more detailed version of the facts on which his claims are based.

3